# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CASSANDRA LAMPKIN § | |
| § | |
| v. § | NO. A-10-CA-757 LY |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint (Clerk's Doc. No. 3); Plaintiff's Brief on the Merits (Clerk's Doc. No. 18); Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 21); Plaintiff's Reply Brief (Clerk's Doc. No. 22); and the Social Security Record filed in this case (Cited as "Tr."). Plaintiff appeals from the Administrative Law Judge's (ALJ) determination that she is not "disabled."

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

Plaintiff Cassandra Yvette Lampkin ("Plaintiff") was born on July 17, 1963. Tr. 80. She received a GED in 1991. Tr. 97. Plaintiff alleges that she became disabled while working as a caregiver for a stroke victim on March 8, 2008. Tr. 13, 159. While lifting her client, Plaintiff injured her back resulting in severe pain, pelvic problems and severe headaches. Tr. 92, 240. On

May 1, 2008, Plaintiff filed an application for disability insurance benefits ("DIB") beginning on March 8, 2008, under Title II of the Social Security Act ("Act").  Tr. 80-81.  After Plaintiff's application for DIB was denied initially and upon reconsideration, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ").  Tr. 46-49, 54-56.

The hearing before the ALJ took place on March 11, 2009.  Tr. 8-31.  Plaintiff appeared and testified at the hearing without the assistance of counsel or other representation.  Tr. 37.  Karyl Kuuttila, a vocational expert ("VE"), and Joyce Davis, a friend of the Plaintiff, also testified at the hearing.  Tr. 25-26, 27-30.  The ALJ found that the Plaintiff suffers from severe impairments caused by degenerative disc disease, intrapelvic mass, and obesity.  Tr. 39.  The ALJ determined that the impairments, while severe, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 39.  The ALJ determined that the Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with several limitations: Plaintiff could lift and carry up to 10 pounds only, could stand/walk for 2 hours and sit for 6 hours in an 8 hour workday, and would require a sit/stand option. Tr. 40.  The Appeals Council denied the Plantiff's request for review.  Tr 1-5.  Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying Plaintiff benefits under the Act.  Plaintiff contends that the ALJ's decision is not supported by substantial evidence.

## II.  STANDARD OF REVIEW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To determine whether a claimant is

disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. § 404.1520 (1999). First, the claimant must not be presently working at any substantial gainful activity.[1] Second, the claimant must have an impairment of combination of impairments that is severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to her past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education, and past work experience. 20 C.F.R. § 404.1520.

At steps one through four, the burden of proof rests upon the claimant to show she is disabled. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir.1999). If the claimant acquits her responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment that claimant is capable of performing in spite of her existing impairments. *Id.* If the Commissioner meets this burden, the claimant must then prove she in fact cannot perform the alternate work. *Id.*

In Social Security disability appeals, the limited role of the reviewing court is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Ripley v. Chater*, 67 F.3d

---

[1] Substantial gainful activity is work activity that is both substantial and gainful. Substantial work activity is work activity that involves doing significant physical or mental activities. Gainful work activity is work activity that an individual performs for pay or profit. 20 C.F.R. 416.972.

552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) her age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Substantial evidence "must do more than create a suspicion of the fact to be established." *Delollio v. Heckler*, 703 F.2d 123, 125 (5th Cir. 1983). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley*, 197 F.3d at 197.

### III. ISSUES PRESENTED

The ALJ found that the Plaintiff is not disabled and has the RFC to perform sedentary work, with additional limitations, as defined in 20 C.F.R. 404.1567(a). Tr. 40, 43. Plaintiff contends that the findings of the ALJ are not supported by substantial evidence and thus should be remanded to the Commissioner. Plaintiff argues that: (1) the ALJ failed to properly consider the side effects of Plaintiff's medications; (2) the ALJ failed to properly develop the record as to the side effects of Plaintiff's medications; (3) the ALJ's RFC determination is not supported by substantial evidence.

4

## IV. ANALYSIS

**A.      Did the ALJ fail to properly consider the side effects of Plaintiff's medications?**

When developing the record of a disability claim, an ALJ is required by law to consider multiple factors relevant to the symptoms of the applicant, to include "the type, dosage, effectiveness, and *side effects* of any medication (emphasis added)." 20 C.F.R. § 404.1529(c)(3)(iv) The ALJ uses the data relevant to the symptoms, including side effects, to make a determination whether or not to diminish the applicant's capacity for basic work activities. 20 C.F.R. § 404.1529 (c)(4)  An ALJ decision that does not properly consider the side effects of the applicant's medications is not supported by substantial evidence. *See Crowley*, 197 F.3d at 199.

The Commissioner argues that the record contains sufficient evidence to show that the ALJ properly considered side effects in his determination. The only reference to side effects in the ALJ's opinion is indirect, Tr. 40**,** and there is no discussion of how the side effects might impact Plaintiff's RFC. Plaintiff was taking several medications to manage her symptoms but it appears that Hydrocodone was the drug that affected her the most. Tr. 174, 18-19. The Commissioner notes that Plaintiff did not report any side effects from her medication during two visits to the hospital and that some of Plaintiff's activities, including driving, cooking and caring for her granddaughter indicate that Plaintiff was not limited by the side effects as alleged. Brief in Support of the Commissioner's Decision at 6. On the other hand, Plaintiff stated in her disability report that Hydrocodone makes her sleepy, preventing her from undertaking activities necessary to perform even sedentary work. Tr. 124. Plaintiff also testified that she takes Hydrocodone every six hours, at least four days per week, and that she cannot take the medicine when she drives due to the side effect of drowsiness. Tr. 18-19. After Plaintiff's ALJ hearing, she submitted a letter from her physician as supporting

documentation that cited her disability and medication side effects as grounds for excusal from jury duty. Tr. 150.

The Court is unable to determine if the ALJ properly considered side effects in his decision. The record contains little information regarding side effects, and no information on their duration and severity. The ALJ's decision never explicitly mentions side effects, and only mentions the fact that Plaintiff would not take her medication when she had to drive. Tr. 40. In an effort to demonstrate that the ALJ properly considered the side effects of Plaintiff's medication, the Commissioner points to a general lack of evidence of side effects in the record. The lack of evidence in the record does not, however, indicate that the ALJ properly considered the impact of side effects on Plaintiff. Evidence of occasional driving, cooking and child care is not substantial evidence of a lack of side effects. Tr. 20-21. Indeed, those activities are consistent with the side effects as alleged. Plaintiff testified that she did not take her medicine when she occasionally drove, due to the side effects. Tr. 18-19. Plaintiff testified that she only cared for her granddaughter with assistance from another adult, and that she tried to cook only twice each week. Tr. 20. These activities are extremely flexible and could be performed even if Plaintiff was routinely suffering debilitating side effects.

Further, the fact that Plaintiff did not mention suffering side effects when she visited the hospital on two occasions is not substantial evidence. Tr. 174-75, 240-42. There is no evidence that Plaintiff was asked about the side effects of her medications at those visits and no reason to expect Plaintiff to volunteer such information to the medical professionals, unless her visits related in some way to her side effects, which they did not. The Commissioner's interpretation of the data is, at best, an endorsement of evidence that does nothing more than "create a mere suspicion of the fact to be established." *Dellolio*, 705 F.2d at 125. After considering the ALJ decision and the record as a

whole, the Court cannot determine if the ALJ properly considered Plaintiff's side effects, largely because the ALJ failed to develop the record on this point, as discussed in the next section.

> **B.  Did the ALJ fail to develop the record as to the side effects of the Plaintiff's medication?**

Social Security hearings before an ALJ are based on an investigatory model, and thus are inquisitorial, not adversarial. *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). The ALJ has the duty to "investigate the facts and develop the arguments both for and against granting benefits." *Id.* at 111. When a claimant is unrepresented, the duty of the ALJ rises to a special duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *James v. Bowen*, 793 F.2d 702, 704 (5th Cir 1986). If the ALJ fails to discharge this duty the decision is not supported by substantial evidence. *Id.* The failure of the ALJ to develop the record is not in itself grounds for reversal, and the claimant must show that she "could and would have adduced evidence that might have altered the result." *Kane v. Heckler*, 731 F.2d 1216,1220 (5th Cir. 1984).

Plaintiff, who was unrepresented, argues that the ALJ failed to properly develop the record as to the side effects of her medications. Specifically, Plaintiff testified that her medications made her drowsy and prevented her from being able to drive. Tr. 18. The ALJ, according to the Plaintiff, failed to fully probe the extent of the side effects from the medication that Plaintiff was taking and asked no follow up questions at the hearing. Tr. 19.

The Commissioner contends that the ALJ gave sufficient weight to Plaintiff's testimony and points to the fact that the ALJ gave Plaintiff an opportunity to present her case by asking if she had anything else to add to her testimony. Tr. 24. Above all, the Commissioner argues that any additional evidence adduced regarding side effects would not have altered the ALJ's determination, so the Plaintiff was not prejudiced by the deficiencies that she alleges.

7

The ALJ failed to properly develop the record in this case. Plaintiff was unrepresented and the ALJ had a duty to "scrupulously and conscientiously probe" the possible side effects of the medications that Plaintiff was taking to manage her symptoms. *James,* 793 F.2d at 704, 20 C.F.R. § 404.1529(c)(3)(iv). The ALJ failed to do this. A review of the hearing transcript indicates that Plaintiff mentioned the limiting side effects of her pain medication two times but the ALJ neglected to ask any questions regarding the severity and duration of the side effects. Tr. 18-19. The Commissioner's claim that asking the claimant if she had any other evidence she wished to submit falls far short of developing the record on this point.

Had Plaintiff been able to adduce additional evidence regarding the severity of the side effects from her medications, there is a possibility that the final determination of the ALJ would have been different. The ALJ found Plaintiff was only qualified for sedentary work, the lowest level possible under the Act. 20 C.F.R. § 404.1567  And even within this category, the ALJ found that the Plaintiff was limited by her ability to lift, and her ability to sit or stand for any period of time. Tr. 40. Additional evidence that side effects of her Hydrocodone further limited her could have resulted in the ALJ finding that she was disabled under the Act. Accordingly, the Court finds that the Plaintiff has established a need for remand for the record to be developed on this point.

**C.      Was the ALJ's RFC determination supported by substantial evidence?**

Because the Court has found that the ALJ failed to properly develop the record in this case, it need not decide whether the ALJ's RFC determination was supported by substantial evidence. Further evidence of side effects will directly impact the RFC determination and may be dispositive of that issue. Upon remand, the ALJ should conduct a new hearing and fully develop the record with

all relevant evidence, to include that of side effects. The ALJ should also reassess Plaintiff's RFC based on all of the relevant evidence in the record.

### D. Remand.

In reviewing final agency decisions concerning Social Security benefits, a district court may remand a case to the Commissioner only under sentence four or sentence six of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence four of § 405(g) provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) A remand under sentence six is appropriate if (1) the Commissioner requests a remand prior to answering the complaint, or (2) new, material evidence is adduced that for good cause was not presented in the prior proceeding. *Shalala*, 509 U.S. at 297, n. 2. Because the Commissioner's answer has already been filed in this case, and Plaintiff does not seek remand for consideration of new, material evidence that was for "good cause" not previously presented, the Court finds that remanding the case pursuant to sentence six of § 405(g) is not appropriate. *Id.* Accordingly, remanding this case would only be appropriate under sentence four of § 405(g). The Court finds that a sentence four remand under § 405(g) is appropriate in this case in order to ensure that the Commissioner properly considers Plaintiff's claim of disability. *See Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (finding that district court's remand should have been pursuant to sentence four, where purpose of the remand was to prompt additional fact finding and further evaluation of the existing facts). Accordingly, the Court RECOMMENDS that the District Court remand this case to the Social Security Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

A district court remanding a case pursuant to sentence four of § 405(g) must enter judgment in the case, and may not retain jurisdiction over the administrative proceedings on remand. *Shalala*, 509 U.S. at 297. *See also, Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (a sentence four remand must include a substantive ruling affirming, modifying or reversing the Secretary's decision). Therefore, the Court FURTHER RECOMMENDS that the District Court reverse the Commissioner's decision and enter judgment in this case on behalf of the Plaintiff.

## V. RECOMMENDATION

The Court RECOMMENDS that the District Court REMAND this case to the Social Security Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the ALJ should: (1) properly develop the record with regard to the side effects of Plaintiff's medications and; (2) properly assess Plaintiff's RFC including the impact of any side effects on Plaintiff's ability to perform sedentary work. The Court FURTHER RECOMMENDS that the District Court enter Judgment in this case on behalf of the Plaintiff.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE